QUESTION:
Is advertising by out-of-state funeral establishments in the yellow page sections of local telephone directories indicating that such out-of-state establishments have branch establishments in Florida or are represented by Florida's licensed funeral establishments in violation of s. 470.10, s. 470.12, or s. 470.30, F. S., and Rule 21J-7.08, F.A.C.?
SUMMARY:
Advertising by out-of-state funeral establishments in the yellow pages of Florida telephone directories in association with Florida licensed funeral establishments is not contrary to Ch. 470, F. S., if the advertising does not misleadingly suggest that the out-of-state establishment is engaged in practicing funeral directing in the State of Florida and does not misleadingly suggest the Florida establishment is merely a branch establishment of the out-of-state firm. Such advertising should only indicate that the Florida establishment represents the out-of-state funeral establishment and may make local arrangements for services by the out-of-state funeral establishment.
Your letter is accompanied by copies of the yellow pages of telephone directories serving Dade and Broward Counties containing advertisements by out-of-state funeral establishments. The advertisements are basically of two categories. The first identifies the out-of-state establishment and names a Florida licensed funeral home or funeral director as its representative. The second category consists only of an out-of-state establishment and local address and telephone number and no indication of association with a Florida licensed representative.
Section 470.10(6), F. S., in applicable part, provides:
 `. . . No person not licensed as a funeral director or embalmer shall be permitted to perform the functions of a funeral director or embalmer as herein defined, or hold himself out to the public as such by reason of his ownership in a funeral home or by reason of his ownership of stock owned in or office held in a corporation authorized by the preceding subsection to own or operate a funeral home. No funeral home owned by any person, whether incorporated or not, may utilize the name or picture of any unlicensed person in connection with any advertisement or telephone listing or firm letterheads or other printed material. Such use of the name or picture of any unlicensed person shall be deemed to constitute the holding out of such person as a funeral director in violation of this chapter. After the effective date of this act no firm or corporation authorized to own or operate a funeral home may change or amend its name or charter so as to include in its firm or corporate name the name of any person who is not individually licensed as a funeral director in this state . . . .
Section 470.12(2)(j), F. S., provides that it shall be grounds for the revocation of the license of any licensed funeral director if:
 The licensee has knowingly engaged in any advertising which is misleading or inaccurate in any material particular. For the purpose of this paragraph misleading advertising shall include, but not be limited to, the use of the picture or name of unlicensed persons in connection with advertisements or other written material published by the licensee or the funeral home with which he is connected.
Related to the foregoing provisions are others which define and provide for registration of funeral homes. Section 470.01, F. S., defines a funeral home, mortuary, funeral establishment, or funeral chapel as `a place at a specific street address or location where the profession of funeral directing and embalming, as defined in this chapter, is practiced.' Additionally, s. 470.10(7), F. S., states for the purposes of Ch. 470, F. S.:
 [E]ach funeral establishment located at a specific address shall be deemed to be a separate entity and require separate licensing and compliance with the requirements of this chapter.
Finally, the provisions of s. 470.30, F. S., governing registration of funeral establishments, require every establishment to obtain a license, to show that a licensed funeral director is regularly employed by the establishment on a full-time basis at the specific location and address of such establishment, and to show that the establishment is under the full charge, control, and supervision of an individually designated licensed funeral director. This section is specific in requiring all material changes, including any change in ownership, in location, or in funeral directors in charge, in funeral home registration to be reported within 10 days.
The evident legislative intent of the foregoing provisions is to require funeral establishments to be separate entities at identifiable locations, under the control of a specified licensed funeral director. This intent is reaffirmed by the provisions of s. 470.30, F. S., which preclude, except under certain limited circumstances, the establishment of branch funeral chapels. This intent, coupled with cited provisions prohibiting any establishment from utilizing the name or picture of any unlicensed person in any advertising, leads to the conclusion that the Legislature considered it important, hence material, that each funeral establishment be separately identified and licensed and that licensed establishments refrain from advertising associating them with any unlicensed person.
Accordingly, bearing in mind that where the context of the Florida Statutes will permit, s. 1.01, F. S., broadly defines `person' to include both individuals and fictional entities, it is my opinion that any licensed (Florida) funeral director or funeral establishment which advertises or permits the placement of advertising in the yellow pages of telephone directories in Florida solely under the name of an unlicensed (in Florida), out-of-state funeral establishment would be engaging in advertising misleading or inaccurate in a material particular and thus subject to action by the State Board of Funeral Directors and Embalmers seeking to revoke such licensee's license. On the other hand, I conclude that a licensed (Florida) funeral establishment which only indicates in its advertising that it may make local arrangements for services by an out-of-state funeral establishment would not be acting contrary to the provisions of Ch. 470, F. S., so long as the advertisements did not otherwise suggest that the out-of-state firm is engaged in funeral directing within the State of Florida and does not misleadingly suggest the Florida establishment is merely a branch establishment of the out-of-state firm. This conclusion is consistent with the provisions of Rule 21J-7.08, F.A.C., which prohibits a licensee lending his license to any funeral establishment, of which he is not owner or part owner or bona fide employee, in order that the establishment may pretend or represent that it is legally qualified to perform funeral directing or embalming by any such improper use of his license.
Prepared by: Thomas M. Beason Assistant Attorney General